UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

IN RE: MATTER OF EX PARTE PETITION
BY ATTORNEY GENERAL OF QUEBEC
FOR JUDICIAL ASSISTANCE PURSUANT
TO 28 U.S.C. § 1782.
_____/

### *EX PARTE*[1] PETITION PURSUANT TO 28 U.S.C. § 1782 FOR JUDICIAL ASSISTANCE AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Attorney General of Quebec, by and through the undersigned attorney, and submits this Ex Parte Petition Pursuant to 28 U.S.C. § 1782 for Judicial Assistance, seeking an Order directing the issuance, to an individual and a corporation located in this judicial district, of subpoenas requiring testimony to be provided remotely in an ongoing civil trial proceeding in Quebec Superior Court.

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

On July 6, 2013, a train operated by Montreal, Maine and Atlantic Railway jumped the tracks in the town of Lac Mégantic, Quebec. The derailment caused crude oil in the train's cargo to explode, engulfing several buildings in the town in flames and killing nearly 50 people. Numerous lawsuits followed, including civil lawsuits against Defendant Canadian Pacific Railway and its affiliates, which are pending in Quebec Superior Court (the "Lac Mégantic Litigation"). Exh. A, Declaration of Charles-Étienne Bélanger, ¶ 2. Petitioner, the Attorney General of Quebec, is one of the parties to the Lac Mégantic Litigation and seeks to recoup expenses incurred in

---

[1] Section 1782 petitions are routinely granted ex parte. See, e.g., In re Braga, 272 F.R.D. 621, 625 (S.D. Fla. 2011) ("[M]ost § 1782 applications (at least in this district) are filed and decided ex parte."); In re Clerici, 481 F.3d 1324 (11th Cir. 2007) (affirming denial of motion to vacate order granting ex parte § 1782 application).

1

cleaning up the crude oil and the ensuing contamination of the environment in the wake of the disaster. *Id*. ¶ 3.

Trial in the Lac Mégantic Litigation began on September 21, 2021, and is expected to be conducted over the next several months. *Id*. ¶ 3. At issue in the litigation is the contract signed between a corporation named World Fuel Services Corporation and Defendant Canadian Pacific Railway for the shipment of crude oil from North Dakota to a refinery in New Brunswick, Canada. *Id*., Exh. 1 – Request for Letters Rogatory regarding Carlos Cuervo or a suitable replacement, at 2. The contractual negotiations over the means of transportation and the transport conditions of this crude oil, which never reached its destination, bear upon the plaintiffs theory of the case. *Id*.

To that end, Petitioner sought and obtained letters rogatory from the judge in the Lac Mégantic Litigation to seek the issuance of subpoenas for testimony by both Carlos Cuervo, a Senior Vice President of World Fuel Services, as well as a representative of World Fuel Services, to testify about the contract negotiations and several related topics germane to the ongoing court case. *Id*. ¶¶ 5-7. Following a diligent search, the Attorney General of Quebec has determined that Mr. Cuervo resides in, and World Fuel Services Corporation is headquartered in, Miami, Florida. *Id*. ¶ 10. The letters rogatory seeking judicial assistance in the issuance of subpoenas to compel the testimony of Carlos Cuervo and either Cuervo or a suitable replacement from World Fuel Services were issued by Quebec Superior Court Judge Martin Bureau on September 9, 2021, and September 29, 2021, respectively. *Id.*, Exh. 1. The latter letter rogatory attached an Annex A which lists documents to be presented to Mr. Cuervo or his suitable replacement during the anticipated testimony. *Id*., Exh. 1, Annex A.

Given the global COVID-19 pandemic, the court issuing the Letters Rogatory has made accommodations to allow remote testimony in the Lac Mégantic Litigation and seeks that the testimony be provided on November 4-5, 2021. *Id.*, ¶ 9, Exh. 1.

II.     ANALYSIS

28 U.S.C. § 1782(a), which governs requests for judicial intervention in obtaining evidence for foreign proceedings, provides that "the district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute further provides that this order "may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." *Id*. The statute provides that the order "may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing," but, "to the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id*.

A petitioner must satisfy four statutory requirements to obtain relief under § 1782: (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance. In re Clerici, 481 F.3d 1324, 1331–32 (11th Cir. 2007).

Petitioner meets all four of the statutory requirements. First, as the attached Letters Rogatory make clear, the request was made by a foreign tribunal, the Superior Court of Quebec. Exh. 1, Letters Rogatory. Second, the request seeks evidence in the form of testimony of Carlos Cuervo and/or a corporate representative of World Fuel Services. *Id.* Third, again as the Letters Rogatory make clear, the testimony sought is "for use in a proceeding" in a foreign tribunal, the Superior Court of Quebec. *Id*. Finally, the persons from whom the testimony is sought, Carlos Cuervo and/or a corporate representative of World Fuel Services, reside in the Southern District of Florida. Following a diligent search, the Attorney General of Quebec has determined that Mr. Cuervo resides in Miami, Florida, and that World Fuel Services Corporation is based in Miami, Florida. Exh. A, Bélanger Decl. ¶ 10. A corporation is found in the district for purposes of § 1782 if it has an office and does business in the district.  See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A., 747 F.3d 1262, 1269 (11th Cir. 2014) (corporation having an office and doing business in Southern District of Florida is "found" in that district for purposes of ruling on the application for assistance).

Courts need not grant relief under § 1782, and may consider additional "discretionary factors," such as (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." In re Clerici, 481 F.3d at 1334, citing Intel Corp., 542 U.S. at

264-65 (2004). "In making its determination, district courts must exercise their discretion with an eye towards the statute's goals, i.e., providing efficient means of assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts." In re Application of N. Am. Potash, Inc., Case No. 12-20637-CV, 2012 WL 12877816, at *5 (S.D. Fla. Nov. 19, 2012) (internal citations and quotations omitted), report and recommendation adopted, Case No. 12-20637, 2013 WL 12113190 (S.D. Fla. Mar.13, 2013)

An analysis of the discretionary factors warrants granting the instant petition. First, neither Mr. Cuervo nor World Fuel Services are parties to the Lac Mégantic Litigation. Exh. A, Bélanger Decl. ¶ 13. As such, there is a stronger need for resort to § 1782(a) to preserve their testimony than there would be if Mr. Cuervo or World Fuel Services were parties. See Intel Corp., 542 U.S. at 264 ("nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Second, the Quebec Superior Court is now conducting a trial in the Lac Mégantic Litigation – the fact that Court itself issued the letter rogatory requesting assistance supports the second Intel discretionary factor. See In re Clerici, 481 F.3d at 1335. Moreover, as this Court has observed, Canadian courts are receptive to United States judicial assistance. See, e.g., In re H.M.B. Ltd., No. 17-21459-CIV, 2018 WL 4778459, at *10 (S.D. Fla. July 2, 2018), report and recommendation adopted, No. 17-21459-CIV, 2018 WL 4776382 (S.D. Fla. Aug. 24, 2018); In re Application of N. Am. Potash, Inc., 2012 WL 12877816, at *7 ("this Court's review of Canadian case law demonstrates a receptiveness to U.S. judicial assistance"). Third, the requests in the letters rogatory do not conceal an attempt to circumvent foreign proof-gathering restrictions or other U.S. or Canadian policies. Indeed, this

request was issued by the Canadian court and indeed, without the request, Petitioner would be frustrated in its ability to gather the proof sought. See Intel Corp., 542 U.S. at 264 ("nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Fourth, the requests for assistance are neither unduly intrusive nor burdensome. They require simply that the two witnesses appear in this district to provide testimony by remote videoconference. If the witnesses object to the process or scope of the discovery sought, they can raise such objections to this Court under Federal Rule of Civil Procedure 45(c).

Petitioner also seeks that this Court order, as requested in the Letters Rogatory, that the governing rules of procedure and evidence, including the requirement to swear an oath, will be those in force in Quebec and stipulated, among others, in the Civil Code of Quebec and the Code of Civil Procedure, and that the Honourable Martin Bureau, J.C.S. of the Quebec Superior Court, presiding over the Lac Mégantic Litigation, be appointed rogatory commissioner. Exh. 1, ¶¶ 5.3, 5.4. Both requests are supported by § 1782. That statute provides that this Court's order may direct that testimony or statement be given "before a person appointed by the court" and that "[b]y virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement." 28 U.S.C. § 1782. The statue also provides that this Court's order "may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement." Id.

The undersigned is aware of no caselaw in this Circuit addressing whether a § 1782 request for judicial assistance can be used to seek remote trial testimony. One district court in Maine, addressing a similar request for judicial assistance involving the same court, judge, and case, recently held that, given the lack of caselaw authorizing remote trial testimony and given that 28 U.S.C. §

1782 "requests have typically been used to obtain discovery," it would instead authorize the issuance of subpoenas directing the witnesses to appear for videotaped depositions. In re Application of Attorney General of Quebec, Case No. 21-mc-00264-JCN, 2021 WL 4497145 (D. Me. Sep. 30, 2021), *3. As that court noted, however, § 1782 provides that a court may order a person to "give testimony for use in a foreign court." Id. at *1. Remote trial testimony, as requested in the Letters Rogatory, appears to fall under the definition of "testimony for use in a foreign court." Moreover, this Court has granted similar relief by authorizing the issuance of subpoenas to provide remote testimony at hearings. See, e.g., In the Matter of Ex Parte Petition by Ontario Secy's Commission, Case No. 20-MC-23897 (S.D. Fla. Oct. 9, 2020) (DE 4) (authorizing issuance of subpoenas to testify remotely before Ontario Securities Commission), (DE 1 at 5) (application requesting testimony sought before administrative panel of Ontario Securities Commission, who act as independent adjudicators and who have the power to impose sanctions). If § 1782 can be used to authorize the issuance of subpoenas to provide remote testimony at a merits hearing in Canada, it can also be used to authorize the issuance of subpoenas to provide remote testimony at a trial in Canada.

But given the dearth of caselaw on either side of the issue, if this Court is not inclined to authorize the issuance of subpoenas for remote trial testimony, in the alternative Petitioner seeks an order authorizing the issuance of subpoenas for depositions at the undersigned's offices on November 4, 2021 and November 5, 2021, and to allow any attorneys for the witnesses or parties to appear either in person or remotely as they choose. If a witness would prefer to testify remotely rather than appear in person for deposition, then the witness should be allowed to testify remotely in the manner specified in the Letters Rogatory.

### III. CONCLUSION

Given the foregoing, Petitioner respectfully requests that the Court enter an order granting this Petition and:

1) ordering the issuance of a subpoena to Carlos Cuervo and to a corporate representative of World Fuel Services Corporation, so they may be examined and cross-examined before the Quebec Superior Court on November 4-5, 2021, on any fact or subject matter relevant to the Lac-Mégantic Litigation that is not violative of any legally applicable privilege, including the documents contained in Annex A to the Letter Rogatories, or in the alternative, ordering the issuance of a subpoena to Carlos Cuervo and to a corporate representative of World Fuel Services Corporation, requiring them to appear at a deposition at the undersigned's offices at November 4, 2021 and November 5, 2021, to allow any attorneys for the witnesses or parties to appear either in person or remotely as they choose, and to allow any witness to choose the option of testifying remotely at trial in the manner specified in the Letters Rogatory;

2) ordering that, in accordance with the Letters Rogatory Paragraph 5.2, Mr. Cuervo and a representative of World Fuel Services may be represented or accompanied by counsel if desired during any such testimony;

3) ordering that, in accordance with the Letters Rogatory Paragraph 5.3, for any such testimony, governing rules of procedure and evidence, including the requirement to swear an oath, will be those in force in Quebec and stipulated, among others in the Civil Code of Quebec and the Code of Civil Procedure;

4) ordering that, in accordance with the Letters Rogatory Paragraph 5.4, the Honourable Martin Bureau, J.C.S., of the Quebec Superior Court presiding over the Lac-Mégantic Litigation be appointed Rogatory commissioner as required by Article 500

of the Code of Civil Procedure; and

       5)      authorizing Mr. Cuervo and a representative of World Fuel Services to be examined and cross-examined on any fact or subject matter relevant to the Lac-Mégantic Litigation that is not violative of any legally applicable privilege, in accordance with the Letters Rogatory Paragraph 5.5 and 28 U.S.C. § 1782.

DATED: October 19, 2021                      Respectfully submitted,

*/s/ Adam S. Fels*
Adam S. Fels
Florida Bar No. 114917
afels@ffslawfirm.com
FRIDMAN FELS & SOTO, PLLC
2525 Ponce de Leon Boulevard
Ste. 750
Coral Gables, FL 33134
tel.: (305) 569-7701
fax: (786) 627-4145

*Counsel for Attorney General of Quebec*