UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-mc-23671-SCOLA/GOODMAN

IN RE: MATTER OF EX PARTE PETITION
BY ATTORNEY GENERAL OF QUEBEC
FOR JUDICIAL ASSISTANCE PURSUANT
TO 28 U.S.C. § 1782

_____/

## ORDER GRANTING *EX PARTE* PETITION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

This matter is before the Court on the *Ex Parte* Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 ("Petition") filed by the Attorney General of Quebec ("Petitioner"). [ECF No. 1]. Petitioner seeks the issuance of subpoenas requiring the trial testimony or, in the alternative, the deposition testimony of Carlos Cuervo and a corporate representative of World Fuel Services Corporation. *Id.*

I.      **Allegations in the Petition**

Petitioner seeks the testimony of Mr. Cuervo and a corporate representative of World Fuel Services in connection with multiple civil lawsuits stemming from a train derailment and subsequent crude oil explosion which resulted in the deaths of nearly fifty people in Lac Mégantic, Quebec. These lawsuits were consolidated and are referred to in the Petition as the "Lac Mégantic Litigation." Trial in the Lac Mégantic Litigation began on September 21, 2021 in the Quebec Superior Court and is expected to last several

months. Petitioner, who is the Attorney General of Quebec, is a party to the litigation and is seeking to recover significant costs associated with clean-up and environmental contamination caused by this event.

One of the defendants in the Lac Mégantic Litigation is Canadian Pacific Railway. Canadian Pacific Railway and World Fuel Services had a contract for the shipment of crude oil. Mr. Cuervo is a Senior Vice President of World Fuel Services. Petitioner contends that "contractual negotiations over the means of transportation and the transport conditions of this crude oil, which never reached its destination, bear upon the plaintiffs' theory of the case." [ECF No. 1, p. 2].

## II.    The Petition Meets the Statutory Requirements of Section 1782(a) and the Discretionary Factors Support the Authorization of Subpoenas

To obtain discovery under 28 U.S.C. § 1782, the following threshold showing must be made:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person  or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (quoting 28 U.S.C. § 1782) (footnote omitted).

The Petition meets the threshold requirements of 28 U.S.C. § 1782. First, the request is being made by a party to the Lac Mégantic Litigation and pursuant to letters rogatory

2

issued by the Quebec Superior Court. Second, the request seeks the testimony of Mr. Cuervo and World Fuel Services. Third, the testimony sought is for use in the Lac Mégantic Litigation pending in the Quebec Superior Court. Fourth, Petitioner has alleged that Mr. Cuervo resides in Miami, Florida and World Fuel Services is found in the District because it is based in Miami, Florida. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) (corporation was "found" in the district where it had an office and did business).

Even when the statutory requirements of section 1782 are met, the Court is not required to grant a petition. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The Supreme Court in *Intel Corp.* set forth the factors that may inform the district court's discretion in deciding to grant a section 1782 petition. 542 U.S. at 264-65. The discretionary factors that may be considered are as follows:

(1) whether the persons from whom the discovery is being sought are participants in the foreign proceeding;

(2) the nature and character of the foreign proceeding and the receptivity of the foreign tribunal to United States federal judicial assistance;

(3) whether the request is an attempt to circumvent foreign proof-gathering limitations; and

(4) whether the discovery sought is unduly intrusive or burdensome.

*Id.* "The discretionary factors come into play after the statutory requirements have been satisfied, and they are guideposts which help a district court decide how to best exercise its discretion." *Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1223 (11th Cir. 2019).

3

The *Intel Corp.* discretionary factors are met here. First, Mr. Cuervo and World Fuel Services are not parties to the Lac Mégantic Litigation and their testimony may be unavailable in that proceeding without this Court's assistance. Second, the Quebec Superior Court itself has issued the letters rogatory attached to the Petition and Petitioner has cited numerous cases showing the receptiveness of Canadian courts to judicial assistance from the United States. [ECF No. 1, pp. 5-6]. Third, there is no evidence that Petitioner is attempting to circumvent foreign proof-gathering limitations. In fact, and as noted above, the Quebec Superior Court issued the letters rogatory. Finally, Mr. Cuervo and a corporate representative of World Fuel Services may provide testimony remotely and, if necessary, may raise objections pursuant to Federal Rule of Civil Procedure 45(c). Thus, the discretionary factors support the issuance of subpoenas.

## III.  Petitioner's Request for the Issuance of Subpoenas Will Be Limited to Deposition Testimony

As noted above, Petitioner is asking this Court to issue a subpoena for the trial testimony of Mr. Cuervo and a corporate representative of World Fuel Services. In the alternative, in the event the Court is not inclined to utilize section 1782 to compel trial testimony, Petitioner asks that the Court order the issuance of subpoenas to obtain deposition testimony.

Petitioner states that due to the COVID-19 global pandemic, the Quebec Superior Court has allowed witnesses to testify remotely in the Lac Mégantic Litigation. Nonetheless, Petitioner candidly states that he has not found any cases utilizing section

1782 for purposes of obtaining remote trial testimony and that the District Court of Maine, addressing a similar request for judicial assistance in obtaining trial testimony in the Lac Mégantic Litigation, instead authorized the issuance of subpoenas for deposition testimony. [ECF No. 1, pp. 6-7 (citing *In re Att'y Gen. of Quebec*, No. 1:21-MC-00264-JCN, 2021 WL 4497145, at *3 (D. Me. Sept. 30, 2021))]. [1]

In *In re Att'y Gen. of Quebec*, the District Court of Maine authorized the issuance of subpoenas for depositions and not trial testimony noting that the language of section 1782 and the case law interpreting that statute indicated that section 1782 was intended to assist in obtaining pretrial discovery and not trial testimony. 2021 WL 4497145, at *3. The Undersigned finds the District Court of Maine's decision in *In re Att'y Gen. of Quebec* persuasive.

Given the language of section 1782 and the lack of cases utilizing section 1782 to obtain trial testimony, the Court will authorize the issuance of subpoenas for deposition testimony in this case.

---

[1]      The petitioner in *In re Att'y Gen. of Quebec*, is the same petitioner as in the instant case. 2021 WL 4497145, at *1. As here, Petitioner sought judicial assistance in obtaining testimony for the Lac Mégantic Litigation after obtaining letters rogatory from the Quebec Superior Court. *Id.* at *2. As here, the district court determined that Petitioner had met the statutory requirements of section 1782 and that the discretionary factors supported the issuance of the subpoenas. Finally, as here, the issue confronted by the District Court of Maine is the same issue facing this Court: whether to require the witnesses to provide trial testimony or to provide deposition testimony. *Id.*

The Court, having considered the Petition and otherwise being fully informed of the premises **ORDERS** and **ADJUDGES**:

1.      The Petition is **GRANTED** in accordance with this Order;

2.      Petitioner is authorized to issue a subpoena directed to Carlos Cuervo and a subpoena directed to a corporate representative of World Fuel Services requiring them to appear at a deposition at the offices of Petitioner's counsel on November 18, 2021 and November 19, 2021. Mr. Cuervo and a corporate representative of World Fuel Services may be represented or accompanied by counsel if desired during their depositions. Mr. Cuervo and a corporate representative of World Fuel Services may choose the option of testifying remotely in the manner specified in the letters rogatory. Any attorneys for the witnesses or parties may appear either in person or remotely, as they choose;

3.      Mr. Cuervo and a corporate representative of World Fuel Services may be examined and cross-examined on any fact or subject matter relevant to the Lac-Mégantic Litigation that is not violative of any legally applicable privilege, including the documents contained in Annex A [ECF No. 1-1, pp. 11-13] to the letters rogatory;

4.      A copy of this Order, a copy of the letters rogatory, and Annex A shall be attached to each subpoena;

5.      Mr. Cuervo and a corporate representative of World Fuel Services are directed to comply with the subpoenas issued in this case and may seek relief under Rule 45 of the Federal Rules of Civil Procedure, if necessary;

6

6.     To the extent applicable to a deposition, the governing rules of procedure and evidence, including the requirement to swear an oath, will be those in force in Quebec and stipulated, among others in the Civil Code of Quebec and the Code of Civil Procedure;

7.     The Honourable Martin Bureau, J.C.S., of the Quebec Superior Court presiding over the Lac-Mégantic Litigation is appointed Rogatory commissioner for any deposition.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on November 10, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
Counsel of Record